## No. 3404.

### MRS. WM. A. M. WINTER v. CITY OF NEW ORLEANS.

This suit can not be maintained under the provisions of Art. 509. C. C. and section 318, of the Revised Statutes, on which plaintiff relies in claiming the batture to which she alleges to be entitled, inasmuch as she is not a riparian proprietor and does not even own the soil situated on the edge of the water.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont* J. *O. F. Buck,* for plaintiff and appellant. *Geo. S. Lacey,* City Attorney, for defendant and appellee.

MORGAN J. On the seventh of July, 1848, plaintiff purchased a certain lot of ground " situated in the suburb Delord of this city, in square bounded by Front Levee, Suzette, New Levee and Gaiennie streets, measuring twenty-one feet, three inches and six lines front, on Front Levee street, by ninety feet in depth and front on Gaiennie street. "

She brings the present action under the article 509 of the Code and section 318 of the Revised Statutes, alleging that she is a riparian proprietor and as such entitled to all the batture which has formed, or which may form in front of her property, excepting so much of it as may be necessary for public utility and use, and that batture sufficient to be made available by her has accumulated in front of her property. She prays for judgment decreeing her to be the owner of the batture formed in front of the property above described, between it and the Mississippi river to a width between parallel lines of twenty-one feet six inches and three lines, excepting so much thereof as shall be ascertained to be necessary for purposes of public utility, and that she be put in possession thereof.

The art. 509 C. C. declares that " the alluvion belongs to the owner of the soil situated on the edge of the water, whether it be a river or

Winter v. City of New Orleans.

stream, and whether the same be navigable or not, who is bound to leave public that portion of the bank which is required by law for the public use. " Section 318 of the Revised Statutes provides that "whenever the riparian owner of any property in the incorporated towns or cities in this State is entitled to the right of accretion, and batture has been formed in front of his land more than is necessary for public use, which the corporation withholds from him, he shall have the right to institute suit against the corporation for so much of the batture as may not be necessary for public use," etc.

The difficulty in the way of the plaintiff, under the article of the Code upon which she relies is, that she does not own the soil situated on the edge of the water, and her difficulty as regards the section of the Revised Statutes is, that she is not a riparian owner, and her last difficulty is, that inasmuch as she purchased property fronting on Front Levee, we can not alter her title so as to make it front to the river.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.